IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAUDA VANESSA NUNEZ CASTRO,

    Plaintiff,

  vs.                                    Civil Action 2:13-cv-1186
                                        Judge Watson
                                        Magistrate Judge King

LOS CAMPEROS, INC., *et al.*,

    Defendants.

## OPINION AND ORDER

Plaintiff filed a motion to compel discovery on May 15, 2014. *Motion to Compel*, ECF 9.  Defendants, who are represented by counsel, did not oppose or otherwise respond to the motion.  The Court therefore granted plaintiff's *Motion to Compel* and ordered defendants "to respond to plaintiffs' Interrogatories and Document Requests within fourteen (14) days."  *Order*, ECF 10.

This matter is now before the Court on *Plaintiff Mauda Vanessa Castro's Application for Attorney's Fees and Other Sanction* ("*Plaintiff's Motion*"), ECF 11.  Plaintiff seeks $14,051 in attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) in connection with her *Motion to Compel*.  Plaintiff also asks that defendants and their counsel be held jointly responsible for this sanction.  Plaintiff also seeks an order "strik[ing] any of Defendants' past or current objections to Ms. Castro's Interrogatories and Request for Documents." *Plaintiff's Motion*, pp. 1, 3-4.  Defendants oppose *Plaintiff's Motion*, *Memorandum of Defendants in Opposition to Plaintiff's Application for*

1

*Attorney's Fees and Other Sanctions* ("*Defendants' Response*"), ECF 15. Plaintiff has filed a reply. *Plaintiff's Reply*, ECF 17.

Rule 37 of the Federal Rules of Civil Procedure requires, after granting an opportunity to be heard, the payment of expenses, including reasonable attorney's fees, associated with the grant of a motion to compel unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The Court may order "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id*.

In the case presently before the Court, defendants do not argue that plaintiff's *Motion to Compel* was filed without good faith extrajudicial measures to resolve the dispute. Defendants argue only that the Court should not award fees because they intended to fully cooperate in discovery but had "difficulty," which is otherwise unspecified, complying with the discovery deadlines. *Defendants' Response*, pp. 1-2. Defendants represent that their counsel "overlooked the email serving the Motion to Compel Discovery upon him and thus both he and Defendants were completely unaware of it until the Court issued an Order granting the Motion." *Id*. Defendants' unspecified "difficulty" in providing discovery and their counsel's "difficulty . . . in juggling his schedule," *see id*., are insufficient to insulate them from an award of fees under Rule 37(a)(5)(A).

2

Moreover, because plaintiff's *Motion to Compel* was necessitated, at least in part, by defense counsel's failure to manage his schedule and was granted, at least in part, because of counsel's failure to monitor his email, the Court cannot say that an award of expenses against defendants' counsel is unjust.

The Court granted plaintiff's motion to compel; defendants and their counsel must therefore pay plaintiff's "reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A). Plaintiff seeks attorneys' fees in the amount of $14,051 for a total of 84 hours of work. *Plaintiff's Motion*, Exhibit 3. Plaintiff specifically seeks $5,813 for 23.25 hours of work billed at $250.00 per hour for Attorney Samir Dahman; $7,189 for 53.25 hours of work billed at $135.00 per hour for Nathan Boninger; and $1,050 for 7.50 hours of work billed at $140.00 per hour for Alexis Preskar. *Id*. Samir Dahman is an attorney in Columbus, Ohio, with nearly seven years of experience in private practice; Nathan Boninger is a "Research Analyst . . . with a B.S. in Psychology from The Ohio State University;" Alexis Preskar is a law clerk in her second year of law school. *Declaration of Samir B. Dahman* ("*Dahman Declaration*"), attached to *Plaintiff's Motion* as Exhibit 1. Plaintiff's counsel has submitted a declaration under penalty of perjury declaring that the hourly rates charged in this matter are reasonable and customary in the Central Ohio market and that the time billed was reasonable and necessary to represent plaintiff. *Id*.

Defendants oppose plaintiff's request for fees and argue that

plaintiff's fee request is unreasonable in light of the length and complexity of plaintiff's motion to compel.  *Defendants' Response*, p. 3.  Defendants also argue that plaintiff is improperly seeking attorneys' fees for work performed after the motion to compel was granted.  This Court agrees.

When a motion to compel is granted, Rule 37 provides for an award of "reasonable expenses incurred in making the motion."  Fed. R. Civ. P. 37(a)(5)(A).  Plaintiff filed her motion to compel on May 15, 2014, and the motion was granted as unopposed.  Plaintiff is therefore entitled to expenses incurred in connection with the grant of her motion, *i.e.*, expenses incurred on or before May 15, 2014, and expenses incurred in reviewing the Court's order granting her motion.  Plaintiff is not entitled to expenses for her review of the discovery produced as a result of the grant of her *Motion to Compel;* she would have incurred these expenses in the normal course of discovery had defendants timely responded to her original discovery requests.

Considering only the expenses requested by plaintiff associated with the filing of her *Motion to Compel* and reviewing the Court's order granting that motion, plaintiff itemizes $7,125 in attorney's fees, consisting of $3,375 for 25 hours billed by Nathan Boninger and $3,750 for 15 hours billed by Attorney Dahman.  The Court will now determine whether these requested fees are reasonable.

"Reasonable" attorney's fees are calculated in light of the prevailing market rates in the relevant community.  *See Binta B. ex rel S.A. v. Gordon*, 710 F.3d 608, 627 (6th Cir. 2013) ("Reasonable

4

attorney's fees under § 1988 should be calculated according to the prevailing market rates in the relevant community."); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004); *Boost Worldwide, Inc. v. Cell Station Wireless, Inc.*, No. 2:13-CV-490, 2014 WL 47977, at *5 (S.D. Ohio Jan. 7, 2014) ("Courts determine a reasonable hourly rate based on the prevailing market rate in the relevant community for lawyers of comparable skill and experience."). In determining a reasonable fee award, a court begins by calculating the movant's "lodestar," "which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate." *Binta B.*, 710 F.3d at 627 (quoting *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005)). It follows that hours that are "excessive, redundant, or otherwise unnecessary," *i.e.*, hours that are not "reasonably expended," should be excluded from the initial fee calculation. *Id*. at 627-28 (internal quotation marks and citations omitted). Once the initial lodestar calculation is determined, the court may modify the award in light of "relevant considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

  Defendants do not contest the hourly rates charged by plaintiff's counsel. Nevertheless, the Court must determine that the hourly rates are reasonable. As noted *supra*, Attorney Dahman is an attorney in Columbus, Ohio, with seven years of experience in private practice. Attorney Dahman's $250 hourly rate is less than the mean and median hourly rates for the downtown Columbus area and it is less than the

mean and median hourly rates charged by employment law attorneys in Ohio. *See The Economics of Law Practice in Ohio in 2013*, pp. 39-40 (cited in *Plaintiff's Reply*). Similarly, a survey of other awards of attorney's fees in this district indicates that a $250.000 hourly rate falls within the range of billable rates previously approved by this Court. *See Trs. of Bldg. Laborers Local 310 Pension Fund v. Able Contracting Grp., Inc.*, No. 06CV1925, 2009 WL 792472, at *5 (N.D. Ohio Mar. 23, 2009) ("[T]he Court's review of recent case law suggests that district courts in Ohio typically award fees at an hourly rate between $ 200.00 and $ 300.00.") (collecting cases); *Castillo v. Morales, Inc.*, No. 2:12-CV-00650, 2013 WL 4554700, at *2 (S.D. Ohio Aug. 28, 2013) ($275 per hour); *Hunter v. Hamilton Cnty. Bd. of Elections*, No. 1:10CV820, 2013 WL 5467751, at *16-17 (S.D. Ohio Sept. 30, 2013); *Spengler v. Worthington Cylinders*, No. 05-977, 2008 WL 4346779 (S.D. Ohio Sept. 18, 2008); *Libertarian Party of Ohio v. Brunner*, No. 2:04-CV-08, 2007 WL 4171630 (S.D. Ohio Nov. 20, 2007). The Court therefore concludes that $250 is a reasonable hourly rate for Attorney Dahman's services in this matter.

    Nathan Boninger is a "Research Analyst" at Attorney Dahman's firm and his time has been billed at $135 per hour. Boninger "graduated with a B.S. in Psychology from The Ohio State University, *summa cum Laude*," and Attorney Dahman declares that Boninger is "exceptionally intelligent and capable." *Dahman Declaration*, p. 3. Attorney Dahman also declares that Boninger's hourly rate is reasonable and customary in the Central Ohio market. *Id*. In *Plaintiff's Reply*, plaintiff

6

argues that Boninger should be classified as a paralegal and that, although Boninger has a higher hourly rate "than most paralegals in the greater Columbus area, [his] quality of work and ability to undertake complex assignments justifies [his] relatively high rate." *Plaintiff's Reply*, p. 12.

It is generally accepted that the term "attorney fees" includes compensation for paralegals, law clerks, and recent law graduates when the practice in the relevant market is to bill the work separately. *See Missouri v. Jenkins*, 491 U.S. 274, 275 (1989). Plaintiff has offered no evidence regarding a local practice to separately bill for a "Research Analyst." Nevertheless, defendants have not contested the $135 hourly rate charged by Boninger, nor have defendants argued that Boninger's fees should not be considered. The Court will therefore consider the request for fees as it relates to Boninger's work.

The Court concludes that Boninger's hourly rate is unreasonable. Although Boninger has a college degree in psychology, there is no evidence that he has any formal legal education, is a certified paralegal, or has any experience researching legal issues or drafting motions. Plaintiff bears the burden of establishing entitlement to the requested fee award. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999); *Fox v. Vice*, --- U.S. ---, 131 S. Ct. 2205, 2216 (2011) ("[A] fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Considering that only 10.3 percent of paralegals in

7

the greater Columbus area bill at a rate over $130 per hour, *see The Economics of Law Practice in Ohio in 2013*, p. 43, combined with the complete dearth of information about Boninger's qualifications and experience as a paralegal, the Court concludes that Boninger's requested hourly rate is unreasonable.  Under the circumstances, and considering the rates typically billed by paralegals with little or no experience, *see id*. at p. 43, the Court finds that an hourly rate of $50 is reasonable.

Having determined the appropriate hourly rates, the Court now considers the number of hours reasonably expended, excluding from the lodestar calculation hours that are "excessive, redundant, or otherwise unnecessary," *i.e.*, hours that are not reasonably expended. *See Binta B.*, 710 F.3d at 627-28.  Defendants do not contest any of plaintiff's counsel's billing entries.  The Court notes, however, that Attorney Dahman billed two separate entries for one hour to "Review Court's Order Granting Motion to Compel" and "Review Court's Order Granting Motion to Compel; consider next steps; email and discuss with Client."  *See Plaintiff's Motion*, Exhibit 3.  Considering the brevity of the Court's order, which consisted of five sentences, the Court will limit the time billed for reviewing the order to one quarter-hour.

Defendants contest the number of hours billed and argue that the time spent in connection with the *Motion to Compel* was excessive in light of the complexity of the motion.  This Court agrees.  Plaintiff's *Motion to Compel* was essentially eight pages with an

8

attached three page declaration by Attorney Dahman and 147 other pages of attachments consisting of discovery requests and emails attempting to obtain response to the discovery requests.  Despite its length and the large number of attachments, plaintiff's *Motion to Compel* did not present any complex legal issues or require exceptional skill.  Defendants apparently "completely refused and failed to answer" any of plaintiff's discovery requests.  *Motion to Compel*, p. 5.  Plaintiff's motion to compel therefore did not address such issues as relevancy, privilege, or objections; plaintiff simply argued that she propounded discovery requests, that defendants did not respond to the requests, and that extrajudicial means had been undertaken to resolve the dispute.  In short, this was an exceptionally simple motion to compel.  Yet, plaintiff billed approximately 38 hours – almost one week of time - to draft and file the motion to compel.  Under the circumstances, the Court regards 38 hours as excessive.  Accordingly, based on the excessiveness of counsel's billed hours, the Court will reduce the hours billed by 50 percent.  *See*, *e.g.*, *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union*, 750 F.3d 546, 560 (6th Cir. 2014) (affirming fee award imposing an across-the-board reduction in the number of hours by 10 percent where the number of hours claimed was unreasonably excessive); *Auto Alliance Int'l, Inc., v. United States Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. Nov. 23, 2005) (recognizing "the propriety of an across the board reduction based on excessive or duplicative hours"

9

and affirming reduction of fee award by 25 percent for "general excessiveness in billing").

The Court will therefore award plaintiff $2,281.25[1] in reasonable expenses incurred in connection with her *Motion to Compel*. *See* Fed. R. Civ. P. 37(a)(5)(A). This sanction is assessed against defendants as well as their counsel.

*Plaintiff's Motion* also seeks an order striking defendants' past and current objections to plaintiff's discovery requests, presumably on the basis that, in providing incomplete responses, defendants failed to comply with the Court's June 16, 2014 order. Plaintiff moved the Court for an award of fees pursuant to Rule 37(a)(5)(A) and the overwhelming majority of her argument is dedicated to that purpose. Notably, plaintiff did not move to compel further response to discovery under Rule 37(a) nor did she move for sanctions under Rule 37(b)(2)(A) for failure to obey a court order to provide discovery. To the extent that plaintiff is attempting to compel further discovery, she has not demonstrated that she has made a good faith effort to resolve her dispute before seeking court action. *See* Fed. R. Civ. P. 37(a)(1). To the extent that plaintiff is arguing that defendants failed to comply with the Court's discovery order, she has not provided the Court with sufficient information in her motion

---

[1] Attorney Dahman: 13.25 hrs.@ $250/hr. = $3,312.50 x 50% reduction = $1,656.25.
Boninger: 25 hrs. @ $50/hr. = $1,250.00 x 50% reduction = $625.00
Total: $2,281.25.

to make that determination.  Accordingly, plaintiff's request for an order striking defendants' past and current objections to plaintiff's discovery requests is **DENIED**.

**WHEREFORE**, *Plaintiff's Motion*, ECF 11, is **GRANTED in part** and **DENIED in part**.  Plaintiff is **AWARDED** $2,281.25 for reasonable expenses incurred in connection with the grant of her *Motion to Compel*. This sanction is assessed against defendants as well as their counsel.


September 15, 2014   *s/Norah McCann King*
                                                    Norah M$^c$Cann King
                                          United States Magistrate Judge