IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MAUDA VANESSA NUNEZ CASTRO,

        Plaintiff,

   vs.                              Civil Action 2:13-cv-1186
                                         Judge Watson
                                         Magistrate Judge King

LOS CAMPEROS, INC., *et al.*,

        Defendants.


<u>OPINION AND ORDER</u>

On August 15, 2014, this case was scheduled for mediation on September 8, 2014. *Notice of Settlement Conference*, ECF 14. The *Notice* specifically required that each party and their trial attorney attend the conference. *Id*. at 1. The *Notice* further required that plaintiff serve a settlement demand no later than August 22, 2014, and that defendants respond to the demand no later than August 29, 2014. *Id*.

On September 8, 2014, plaintiff, plaintiff's counsel, and the mediator appeared for the mediation. Neither defendants nor their then-counsel[1] appeared for the conference. The Court was also advised that, although plaintiff had served a timely settlement demand on August 22, 2014, defendants had not responded to that demand. On September 8, 2014, the Court ordered defendants to show cause why sanctions should not be imposed for their apparent failure to comply

---

[1] Defendants effected a substitution of counsel on October 27, 2014. *Notice of Substitution of Counsel*, ECF 24.

with the procedures governing the referral of the case to the Settlement Week mediation. *Order*, ECF 16. This matter is now before the Court on defendants' response to that *Order*. *Memorandum of Defendants in Response to Order to Show Cause*, ECF 19. Plaintiff filed a memorandum in opposition to defendants' response*, Plaintiff's Memorandum in Opposition to Defendants' Response to Order to Show Cause* ("*Plaintiff's Memorandum*"), ECF 20, and defendants have filed a reply, *Defendants' Reply*, ECF 22.

In their response to the Court's *Order* to show cause, defendants' former counsel declares under penalty of perjury that defendants "failed to appear at the scheduled settlement conference on September 8, 2014 because their counsel mistakenly failed to put both the deadline for filing the settlement demand and settlement conference on his calendar." *Affidavit of Gary A. Gillett, Esq.*, ECF 19-1, ¶ 2. Defendants argue that sanctions are not appropriate under S.D. Ohio Civ. R. 16.3(e)(4) because defendants did not "'refuse' to participate in mediation, but instead failed to appear because of a mistake by Defendants' counsel in not recording the mediation date in his calendar." *Defendants' Reply*, p. 2. Defendants also argue that "there is no basis for asserting that Defendants were unwilling to participate in mediation" because, "when Defendants' counsel became aware of the mistake he agreed to hold the mediation at the office of the mediator on a future date" and "that mediation proceeded as scheduled on October 13, 2014." *Id.* Defendants' arguments are not well taken.

The Court's General Order on Settlement Week, Eastern Division Order No. 01-2, requires that, unless excused by the Court, the

2

parties must personally attend the mediation and exchange settlement demands and offers prior to the conference.  Eastern Division Order No. 01-2(III)(A), (B).[2]  A request to be excused from compliance with these provisions must be made "at an appropriate time prior to the conference."  Eastern Division Order No. 01-2(III)(C).  Sanctions may be imposed "for noncompliance with this General Order or with other orders relating to Settlement Week."  *Id.*  *See also* S.D. Ohio Civ. R. 16.3(e)(4)("[A]ny refusal to attend and participate [in Court-ordered mediation] in good faith by a party or counsel shall be reported to the presiding Judges who may, after notice, impose sanctions or make such other orders as are just.").

Defendants and their former counsel failed to attend the September 8, 2014 Settlement Week conference and failed to respond to plaintiff's settlement demand prior to the conference.  Defendants and their former counsel therefore failed to comply with the Court's General Order on Settlement Week and the Court's August 15, 2014 *Notice of Settlement Conference*.  As a result, the Court, the mediator, and plaintiff incurred great inconvenience to no good end. The Court therefore concludes that an award of sanctions is appropriate in this instance.  It is worth noting that the Court has considered defendants' argument that their former counsel merely made a mistake in failing to update his calendar with mediation deadlines. *See Memorandum of Defendants in Response to Order to Show Cause*, p. 1. However, this argument overlooks the fact that defendants' former counsel not only failed to update his calendar but also apparently

---

[2] The notice referring this case to mediation expressly referred to Eastern Division Order 01-2.  *Notice of Settlement Conference*, ECF 14.

Case: 2:13-cv-01186-MHW-NMK Doc #: 25 Filed: 10/27/14 Page: 4 of 5  PAGEID #: 367

ignored plaintiff's settlement demand.  Moreover, it is worth noting that defendant's argument in this regard is presented in a filing that is itself untimely. *See Order*, ECF 16 ("Defendants are ORDERED TO SHOW CAUSE, by September 15, 2014, why sanctions should not be imposed . . . .") (emphasis omitted); *Memorandum of Defendants in Response to Order to Show Cause*, ECF 19 (September 19, 2014). The Court has also considered defendant's representation that plaintiff was late for a rescheduled mediation. The Court regards that fact as immaterial; the Court does not consider the tardiness of one principal as the equivalent of the utter failure to appear and participate by defendants and their former counsel.

Having determined that sanctions are warranted, the Court must now determine an appropriate sanction.  Plaintiff has offered the declaration of her counsel who represents that he billed 1.75 hours at $250.00 per hour on the date of the scheduled mediation for "[p]re-mediation meeting with Ms. Castro re: settlement and case strategy, travel to and from Court, and meet with mediator and Court." *Declaration of Attorney Samir B. Dahman*, attached to *Plaintiff's Memorandum* as Exhibit A, at ¶ 2.  As the Court previously determined, "$250 is a reasonable hourly rate for Attorney Dahman's services in this matter." *Opinion and Order*, ECF 18, pp. 4-6.  However, the Court concludes that at least some of the time spent in connection with the abortive mediation, including her counsel's discussion with plaintiff regarding "settlement and case strategy," applied equally to the rescheduled mediation. The Court therefore concludes that one (1) hour billed by Attorney Dahman for preparing for and attending the scheduled mediation is appropriately considered.

Based on the foregoing, the Court concludes that a sanction in the amount of $250.00 will sufficiently enforce the Court's Settlement Week procedures, will deter litigants and their attorneys from future violations of those procedures, and will help to defray the expense incurred by plaintiff as a consequence of defendants' failure to comply with those procedures.  The Court also finds that, because defendants' failure to comply with the Court's General Order on Settlement Week and the Court's August 15, 2014 *Notice of Settlement Conference* was a result of their former counsel's failure to properly manage his schedule, the sanction should be assessed against their former counsel.

**WHEREFORE,** defendants' former counsel, Gary A. Gillett, Esq., is **ASSESSED A SANCTION** in the amount of $250.00 as a consequence of the failure to comply with the Court's procedures governing Settlement Week.  *See* Eastern Division Order No. 01-2(III)(C); S.D. Ohio Civ. R. 16.3(e)(4).

Plaintiff has filed a motion to file a sur-reply in opposition to *Defendants' Reply*, ECF 23.  Plaintiff's motion is **DENIED**.


October 27, 2014                        *s/Norah McCann King*
                                   Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge